FROEB, Judge,
dissenting:
I disagree that appellant was denied effective assistance of counsel. Appellant’s trial counsel chose to rely on the testimony of Dr. Haeussler for appellant’s insanity defense. Dr. Haeussler was a board certified psychiatric expert who had treated appellant for most of the thirteen years he had been exhibiting symptoms of mental illness, and who was thoroughly familiar with appellant’s history. Although not a forensic psychiatrist, Dr. Haeussler was nevertheless a competent witness to testify with respect to the issue of appellant’s sanity at the time the offense was committed. Furthermore, through this medical expert, appellant was able to get in evidence of a character trait for “peacefulness” and the fact that he had always worn very thick-lensed glasses. This latter evidence was important to the defense of misidentification or noninvolvement in the offense. Counsel’s decision to utilize a medical expert who could testify personally to the treatment of appellant over a long period of time and who was intimately familiar with his mental condition was a trial tactic which had a reasoned basis and does not, therefore, support an ineffectiveness claim. State v. Watson, 134 Ariz. at 4, 653 P.2d at 354.
With respect to counsel’s failure to interview lay witnesses, such omission is not necessarily evidence of ineffective assistance of counsel. Appellant must demonstrate the existence of admissible evidence which could have been discovered and would have. proved helpful to him. McQueen v. Swenson, 498 F.2d 207 (8th Cir.1974). Appellant has not carried his burden of showing that trial counsel’s failure to interview certain witnesses demonstrated a lack of minimal professional competence.
Although the failure to file a pre-trial motion based on the suggestiveness of identification procedures can result in a finding of ineffective assistance of counsel, that is true only “when the facts raise issues concerning the ... suggestiveness of identification.” State v. Watson, 134 Ariz. at 4-5, 653 P.2d at 354-5. The failure to move to suppress an identification is not significant where there is an extreme unlikelihood that such a motion would have prevailed, or where it is clear that the identification was not in any way suspect and probably would not have been suppressed. United States v. Fleming, 594 F.2d 598 (7th Cir.1979).
It is settled that an in-court identification is not tainted by an unduly suggestive pretrial identification if, in view of the totality of the circumstances, the in-court identification is reliable. See State v. Strickland, 113 Ariz. 445, 556 P.2d 320 (1976). The following factors are considered in determining whether an in-court identification is reliable: the opportunity of the witness to view the criminal at the time of the crime, the witness’ degree of attention, the accuracy of the witness’ prior description of the criminal, the level of certainty demonstrated by the witness at the confrontation, and the length of time between the crime and the confrontation. State v. Schilleman, 125 Ariz. 294, 609 P.2d 564 (1980).
In the instant case, the victim’s in-court identification was extremely reliable. His attacker confronted him in his living room for almost 40 minutes, threatened him repeatedly with a firearm, forced him into posing in various photographs and used abusive language to him during the entire time. Thus, the victim’s opportunity to view the criminal at the time of the crime was exceptional, his degree of attention was extremely high and the accuracy of the prior description, although somewhat disparate, tended to describe appellant. In addition, he demonstrated certainty at the time of the confrontation. Therefore, even if a Dessureault hearing had taken place, the trial court would surely have allowed the victim’s in-court identification of appellant. It is clear that any error in failing to bring a pre-trial identification motion was harmless.
For the foregoing reasons, I would affirm the judgment of the trial court.